[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

No. 10-14297
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02446-WSD

SONYA BRAXTON,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF COMMUNITY AFFAIRS,
LARUTH HOLLOWAY,
Individually and in her Official Appointment of Regional
Housing Administrator, Georgia Department of
Community Affairs,
KAREN LOVELESS,
Individually and in her Official Appointment of Assistant
Regional Housing Administrator, Georgia Department
of Community Affairs,
JEFFERY ABNEY,
Individually and in his Official Appointment of Family
Housing Counselor, Georgia Department of
Community Affairs,
GEOFFREY PARKER,
Individually and in his Official Appointment of Compliance
Officer, Georgia Department of Community Affairs, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 11, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Sonya Braxton appeals pro se the dismissal of her complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Braxton complained that the Georgia Department of Community Affairs and its employees, LaRuth Holloway, Karen Loveless, Jeffrey Abney, and Geoffrey Parker, violated the Fair Housing Act, 42 U.S.C. § 3604(d), the Georgia Fair Housing Act, Ga. Code Ann. § 8-3-202(a), and Braxton's rights to due process and equal protection by discriminating against her based on her race. We affirm.

We review the dismissal of a complaint as frivolous for abuse of discretion. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). We construe pro se pleadings liberally, but we will affirm the dismissal of a complaint as frivolous if it "'lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831–32 (1989)).

The district court did not abuse its discretion when it dismissed Braxton's

frivolous and internally inconsistent complaint. Braxton failed to "state a claim to relief that is plausible on its face," that is, from which the district court could "draw the reasonable inference that the defendant[s] [were] liable" for violating Braxton's civil rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Braxton complained that she was denied due process by Holloway, Loveless, and Parker when they "stripped away" her housing voucher and later denied her an "informal hearing" to reinstate her voucher, but Braxton admitted that Holloway later reinstated the voucher. Braxton also complained that she was discriminated against in violation of the Georgia Fair Housing Act when Holloway failed to inspect adequately some rental property, but Braxton admitted that "all item[s] were fixed." Braxton accused another employee of the Department, Jacqueline Nunis, of racial steering by "warn[ing] [Braxton] not to" move into six counties inspected by Abney that were predominantly white counties and encouraging Braxton to move to Rome, Georgia, where more minorities resided, but Braxton admitted that Nunis said that housing was available in the six counties and that "Jeff Abney [would] take [Braxton's] voucher if [she] move[d] there." Braxton also accused Abney of racial steering by "probably assum[ing]" that Braxton "was a black person" based on her voice message and telling Braxton she would have a "hard time finding a rental" in two

particular counties, but Braxton failed to allege that Abney had made a different representation to or made housing available to a similarly-situated white voucher holder. Although Braxton alleged that rental properties were available "within [her] section 8 voucher range" and "home owners and apt. managers in that area . . . accept Section 8," Braxton failed to allege that any of the properties available participated in the section 8 voucher program. Braxton expressed indignation that "[s]ection 8 [would] unlawfully tamper[] with government records" and identify her and her children as black instead of as American Indians, but Braxton failed to state how the alleged tampering violated her civil rights.

Braxton also argues that she is entitled to relief for claims involving retaliation, disability discrimination, and "state created danger," but she did not present those claims to the district court. We will not consider Braxton's claims for the first time on appeal. See Blue Cross and Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1549–51 (11th Cir. 1990).

We **AFFIRM** the dismissal of Braxton's complaint.